NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT M. MILLER,**
*Petitioner*

**v.**

**FEDERAL DEPOSIT INSURANCE CORPORATION,**
*Respondent*

---

2016-1137

---

Petition for review of the Merit Systems Protection Board in No. SF-4324-14-0598-I-3.

---

Decided: August 11, 2016

---

ROBERT M. MILLER, Fairfax, VA, pro se.

CORINNE ANNE NIOSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; KATHRYN R. NORCROSS, MICHELLE OGNIBENE, Federal Deposit Insurance Corporation, Arlington, VA.

---

Before PROST, *Chief Judge,* CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Robert Miller appeals from a decision of the Merit Systems Protection Board ("Board") denying his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act (USERRA). *Miller v. Fed. Deposit Ins. Corp.*, No. SF-4324-14-0598-I-3 (M.S.P.B. July 24, 2015). For the reasons below, we affirm.[1]

## BACKGROUND

Dr. Miller is a preference-eligible disabled veteran and was employed as a Financial Analyst with the Division of Insurance and Research of the Federal Deposit Insurance Corporation ("agency") at the time of his non-selection for a Financial Economist position with the agency. When Dr. Miller expressed interest in applying for the Financial Economist position, he was informed that the vacancy announcement for the position had closed. Dr. Miller informed the agency that his preference-eligible status entitled him to apply to the closed position. The agency then forwarded him an application packet and requested he return the completed application by the end of the next business day. The application included a questionnaire regarding the applicant's qualifications; the vacancy announcement explained that the applicant's resume must substantiate responses to the questionnaire.

---

[1] Dr. Miller filed a motion seeking to supplement the record and seeking sanctions against the agency. *Miller v. Fed. Deposit Ins. Corp.*, No. 16-1137, Dkt. No. 43. We grant-in-part and deny-in-part. We grant Dr. Miller's request to supplement the record but deny his request for sanctions.

The agency reviewed applications for the position and placed applicants into categories A–C. Within each category, preference-eligible veterans would receive selection priority. Dr. Lee, a subject matter expert for the agency, reviewed Dr. Miller's application. Per Dr. Lee's assessment, several of Dr. Miller's questionnaire responses were not substantiated by his resume. As such, Dr. Miller's responses were downgraded, and the agency's scoring algorithm placed Dr. Miller in category B. Only applicants in category A were referred to the selecting official.

Dr. Miller sought information from the agency regarding the basis for his category B placement. Dissatisfied with the agency's response, Dr. Miller filed a USERRA appeal with the Board.

The administrative judge ("AJ") found that Dr. Miller failed to meet his burden to show, by a preponderance of evidence, that the agency discriminated against him on the basis of his military service in connection with his non-selection. Dr. Miller did not seek review by the full Board, and the AJ's decision became final.

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). USERRA prohibits employers from discriminating against employees or prospective employees on the basis of their military service. 38 U.S.C. § 4311(a). In relevant part, it provides:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in

a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

*Id.*

USERRA discrimination claims are analyzed under a burden-shifting framework. *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). Under this framework, an individual who makes a USERRA discrimination claim bears the initial burden to show, by a preponderance of evidence, that his military service was a substantial or motivating factor in the adverse employment action. *Id.* This burden can be met by either direct or circumstantial evidence:

Discriminatory motivation under the USERRA may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Id.* at 1014. "In determining whether the employee has proven that his protected status was part of the motivation for the agency's conduct, all record evidence may be considered, including the agency's explanation for the actions taken." *Id.* If this initial burden is satisfied by the appellant, the burden shifts to the employer to show, by a preponderance of evidence, that the employer would

have taken the same action for a valid reason.  *Id.* at 1013.

Dr. Miller challenges the Board's procedural rulings and the merits of its conclusions, and he alleges bias of the AJ.  Dr. Miller also supplemented the record with newly-discovered documents.  We address each of these issues in turn.

### A.

Dr. Miller alleges several procedural errors by the AJ, including refusing to allow expert testimony, refusing to compel production of applications from veterans who were also placed in category B, and admitting into evidence applications of non-veterans Dr. Lee deemed ineligible. We find that the AJ did not abuse his discretion in making these determinations.

First, regarding the AJ's refusal to allow testimony from Dr. Miller's proffered expert, the AJ explained that Dr. Miller's proffered expert did not have sufficient expertise with respect to the qualifications of candidates for the position at issue.  Dr. Miller does not demonstrate that the expert possessed expertise in governmental hiring processes or the particular Financial Economist position at issue.  As such, the AJ did not abuse his discretion by precluding testimony from the expert.

With respect to the AJ's denial of Dr. Miller's motion to compel production of applications from other veterans in category B, the AJ found these applications were not relevant.  Specifically, the AJ determined that because Dr. Lee reviewed Dr. Miller's application, only applications reviewed by Dr. Lee were relevant to Dr. Miller's discrimination claim.  As Dr. Lee did not review the applications that were the subject of the motion to compel, the AJ refused to compel their production.  Despite Dr. Miller's arguments to the contrary, the AJ did not abuse his discretion by finding only applications reviewed

by Dr. Lee relevant to Dr. Miller's appeal, which was based on alleged discrimination by Dr. Lee.

Dr. Miller also challenges the AJ's decision allowing the agency to admit evidence that Dr. Lee deemed several non-veterans ineligible for the position. Dr. Miller asserts that this evidence was irrelevant because, unlike him, these non-veterans lacked basic qualifications for the position, rendering them ineligible. While Dr. Miller's arguments may go to the weight this evidence should be given, the AJ's decision to admit the evidence was not an abuse of discretion.

## B.

We next consider Dr. Miller's argument that he met his burden of showing that his non-selection was motivated by discrimination. Although Dr. Miller raises numerous disputes with the merits of the AJ's findings, we find that substantial evidence supports the ultimate conclusion that Dr. Miller failed to meet his burden of proof.

According to Dr. Miller, the agency discriminated against him for exercising his right as a disabled veteran to apply late for the Financial Economist position. As support, he points to the closeness in time between exercising his right to apply late and Dr. Lee's discounting of some of his questionnaire responses, asserting a connection between those two actions. But the AJ explained that there was no evidence that Dr. Lee was aware that Dr. Miller had applied late based on his disabled veteran status. While Dr. Miller posits reasons why Dr. Lee could have known the reason for his late application, he concedes the lack of evidence in the record. Petitioner's Br. 18–19. Dr. Miller also points to the agency's request that he submit his completed application within one business day of receiving the application packet, impeding his ability to submit a more thorough application. But Dr. Miller does not dispute that he had a month's notice of

the vacancy, asserting only that he initially lacked interest in the position.

Dr. Miller also argues that the AJ erred in weighing the evidence. He asserts the AJ weighed the following evidence too heavily: (1) the fact that the agency ultimately selected a veteran for the position; (2) testimony from certain individuals involved in the review of his application that they had ties to and positive views of the military; and (3) the fact that Dr. Lee deemed ineligible several non-veterans lacking basic qualifications for the position. We agree with the AJ that these are all relevant considerations in a USERRA appeal, and weigh in favor of the AJ's determination that Dr. Miller's non-selection was not motivated by discrimination prohibited by USERRA.

Dr. Miller next challenges Dr. Lee's rationale for discrediting some of his responses to the questionnaire while crediting those of certain non-veterans. He argues that Dr. Lee failed to credit certain experience she found unsupported by his resume, yet credited other applicants with experience not well supported by their resumes. In Dr. Miller's view, Dr. Lee's evaluation of his and other applications was so inconsistent and illogical that the only reasonable conclusion is that Dr. Lee discriminated against him because he is a veteran. The AJ considered this argument and determined, however, that Dr. Lee provided a reasoned basis for her evaluations. Specifically, the AJ concluded that to the extent Dr. Lee treated applicants differently, it was due to her own professional background and expertise. When applicants had professional and educational experience similar to Dr. Lee's, she was more willing to infer relevant experience from their resumes. For example, applicants who completed their doctoral studies in the field of Labor Economics, the same field studied by Dr. Lee, were at times credited with experience not explicitly detailed in their resumes. While Dr. Miller clearly disagrees with the accuracy and consistency of Dr. Lee's assessments, this evidence does not

demonstrate that Dr. Lee discriminated based on Dr. Miller's military service.

Finally, Dr. Miller disputes the AJ's credibility determinations regarding agency witnesses. But "an evaluation of witness credibility is within the discretion of the Board" and in general such credibility determinations "are 'virtually unreviewable' on appeal." *Kahn v. Dep't of Justice*, 618 F.3d 1306, 1313 (Fed. Cir. 2010) (quoting *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998)). We do not find the AJ's credibility determinations arbitrary or capricious.

## C.

Dr. Miller next claims the AJ who presided over his appeal exhibited bias against him. Dr. Miller asserts bias because the same AJ presided over all six of his appeals to the Board and ruled against him in each one. The AJ's bias, according to Dr. Miller, is further demonstrated by the AJ's numerous rulings against Dr. Miller on procedural motions. To show bias, an appellant must meet a high standard:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for bias or partiality motion *unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.* Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Beiber v. Dep't of Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002) (alteration in original) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). While we appreciate Dr. Miller's frustration resulting from his lack of success

in appeals to the Board, we detect no reasonable basis for finding the AJ's decisions in this case reflect bias against Dr. Miller.

## D.

Finally, Dr. Miller has supplemented the record with recently acquired documents. While we have considered these documents, we find they do not establish any error in the Board's decision. First, an email exchange and agency scoring rubric confirm that Dr. Miller would have been placed in category A if his questionnaire responses had not been downgraded by Dr. Lee. Because the AJ assumed as much, the confirmation provided in these documents has no impact on the AJ's analysis and conclusions. Dr. Miller also supplements the record with the application files of other veterans that were placed in category B. But because there is no evidence these applications were reviewed by Dr. Lee, the basis for their placement in category B is not probative of the reasons Dr. Lee downgraded Dr. Miller's application.

## CONCLUSION

We have considered Dr. Miller's remaining arguments and find them unconvincing. The AJ did not abuse his discretion in his procedural rulings. The AJ's determination that Dr. Miller did not meet his burden of showing discrimination toward his military service or status as a disabled veteran was a motivating factor in his non-selection is supported by substantial evidence and is not arbitrary or capricious. Because Dr. Miller failed to meet his burden, we need not consider whether the agency would have taken the same action for a valid reason. The decision of the Board is therefore affirmed.

## AFFIRMED

### COSTS

No costs.